UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARY VAN PELT                                                      PLAINTIFF

V.                                          CIVIL ACTION NO. 1:08cv404-LTS-RHW

MERITPLAN INSURANCE COMPANY                                        DEFENDANT

## ORDER

On February 3, 2009, this Court entered an [28] Order granting Defendant Meritplan
Insurance Company's (Meritplan) [25] Motion to Stay Order for Mediation, and in the same
order the Court rescinded for the time being its [17] Order for Mediation. The Court also granted
Meritplan's [23] Motion to Stay, and proceedings in this cause of action were held in abeyance
pending a ruling on Meritplan's [18] Motion to Compel Arbitration. The instant order disposes
of that motion.

Meritplan's contention "that all of Plaintiff's claims are subject to arbitration by virtue of
the arbitration agreement contained in the [subject] policy" cannot be considered in a vacuum.
There seems to be little dispute about the applicable law. It is for the Court to determine whether
the parties agreed to arbitrate, and the two factors usually considered are whether the parties must
arbitrate the dispute in question (which takes into account whether there is a valid agreement to
arbitrate between the parties and whether the dispute falls within the scope of that arbitration
agreement); and whether there are any legal constraints external to the parties' agreement which
forecloses arbitration of these claims.

Meritplan has submitted a decision by Judge Ozerden as support for its position. *Masztal
v. Meritplan Insurance Co.*, No. 1:08cv277. *Masztal* is distinguishable in at least one regard: in
that case, "Plaintiff . . . has not filed, and has informed the Court that he will not file, a Response
to the Motion [to Compel Arbitration] . . . nor has he presented any arguments or reasons why the
arbitration agreement is not valid and binding." Therefore, Judge Ozerden's review was limited
to the complaint and the insurance documents. In the instant case, it is not so one-sided, as
Plaintiff has responded in various ways (*see* docket entries [20] and [27]), primarily centered on
Meritplan's own waiver or estoppel with respect to binding arbitration, and there are facts outside
the pleadings (including some supplied by Meritplan) for this Court to take into account.

In the [28] Order, this Court noted that the insurance policy submitted by Meritplan in
support of its [18] Motion to Compel Arbitration has an acknowledgement of the arbitration
agreement that is not signed by Plaintiff. Meritplan relies (*see* docket entry [29]) on Mississippi
Department of Insurance Guidelines on binding arbitration provisions which Meritplan maintains
were "followed to the 'T'. . . ." However, those guidelines reveal that "[a]t the time an applicant
applies for a policy containing a binding arbitration provision, the applicant must sign an

arbitration disclosure form furnished by the insurer which notifies the applicant that the policy contains an arbitration provision."  It is not enough for Meritplan to argue that it "has no control over whether Plaintiff, or any other insured, chooses to sign and return the Arbitration Acknowledgement."  The form is not mere surplusage,  and Meritplan knows or should know whether the signature appears on the form at the time of the application and the issuance of the policy.

Meritplan also makes much of benefits to and responsibilities of the Plaintiff, and further attempts to use the theory of equitable estoppel against her.  Yet a contractual relationship involves benefits and responsibilities for all parties.  If "binding arbitration shall be the sole form of dispute resolution with respect to any disputes between you and us," and "[a]ny legal action, controversy, dispute or claim arising out of or relating in any manner to this policy . . . shall be resolved by binding arbitration," Meritplan's position that binding arbitration is virtually sacrosanct is especially perplexing in light of the fact that Meritplan "would point out to the Court that the parties have already participated in one mediation through the A[merican] A[rbitration] A[ssociation] prior to filing suit, and that mediation was unsuccessful.  Due to the insurmountable differences in opinion at the first mediation, Defendant seeks to arbitrate this matter to try and finally resolve same."

Further, in spite of the fact that Meritplan sought and obtained a stay of the Court's [17] mediation order, the Court has learned that the parties have scheduled another private mediation. It is hardly necessary to point out that private mediation is a voluntary pursuit different from binding arbitration, and there is no cause to look for an explanation in the Court's encouragement to continue to resolve this dispute amicably.  If mediation is the parties' currently preferred method of resolution, that is their decision, and there was no need for the Court to rescind its mediation order.

There is no doubt that Meritplan has been inconsistent as to the method for resolving this claim and has acted in a manner that is contrary to the policy provisions it now attempts to invoke.  The onset of this litigation was not the beginning of this process, which occurred when Plaintiff submitted her claim shortly after suffering a loss as a result of Hurricane Katrina and eventually disputed Meritplan's decision on her claim.  To borrow language used by Judge Ozerden in *Masztal* aimed at the Plaintiff, Meritplan has not embraced the insurance policy containing the arbitration clause for its benefit. In *Masztal*, "Plaintiff has not presented, and [the] Court does not find, any legal constraints external to the Agreement which foreclose arbitration." That is not the case here.

Accordingly, **IT IS ORDERED**:

Meritplan's [18] Motion to Compel Arbitration is **DENIED**;

The stay of proceedings contained in the Court's [28] Order is hereby lifted;

Because the parties are pursuing private mediation at this time, the Court will not reinstate the [17] Order for Mediation but will include this cause of action in the Court's

mediation program at a later date.

**SO ORDERED** this the 12th day of February, 2009.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE